# ORIGINAL

# In the United States Court of Federal Claims

No. 08-24V

(Filed Under Seal: October 13, 2015)

(Refiled for Public Availability: November 2, 2015)[1]

```
*****************************************  *
HOWARD GREENBERG AND DENISE               *
GREENBERG, parents of JG, a minor,        *
                                          *
                    Petitioners,          *
                                          *
v.                                        *
                                          *
SECRETARY OF HEALTH AND                   *
HUMAN SERVICES,                           *
                                          *
                    Respondent.           *
                                          *
*****************************************  *
```

## OPINION AND ORDER

This case comes to the Court under unusual circumstances. This is a case seeking compensation under the National Childhood Vaccine Injury Act (42 U.S.C. §§ 300aa-1 to 300aa-34, the "Vaccine Act"), which is administered judicially in the U.S. Court of Federal Claims. This Court's Rules (RCFC), including the "Vaccine Rules" found in Appendix E, contain the procedural requirements for actions seeking compensation for vaccine injuries. Petitioners are acting without legal representation and have sought review of the Special Master's decision in the U.S. Court of Appeals for the Federal Circuit, without first seeking the required review in this Court. The Circuit Court has now transferred Petitioner's "Notice of Review" back to the Court of Federal Claims. The question presented is whether this Court has jurisdiction to review the Special Master's order on reconsideration given the procedural setting, and if so, whether the Special Master's reconsideration of his decision and denial of relief was an abuse of discretion sufficient to justify a reversal of the judgment in this case.

---

[1] This opinion was originally filed on October 13, 2015 and held under seal for fourteen days during which the parties had the opportunity to consult and indicate to Chambers any appropriate redactions. No redaction requests were received, and this Opinion is now public. Rules of the Court of Federal Claims ("RCFC"), App. B, Rule 18(b).

BACKGROUND

Petitioners originally filed this case in the Court of Federal Claims in January 2008 in the form of a Short-Form Autism Petition, which was delayed pending the outcome of the Omnibus Autism Proceeding (OAP) examining the connection between vaccines and autism. In January 2014 Petitioners filed an amended petition claiming that their child JG suffered a "Table Encephalopathy" following a vaccination in April 2004. On December 8, 2014, the Special Master issued a decision denying relief to Petitioners. (Dkt. No. 80). Petitioners neither moved for reconsideration of the decision by the Special Master under Vaccine Rule 10 (e), nor sought review of the decision by a judge of this Court under Vaccine Rule 23. Without further action by Petitioners, judgment became final and was entered on January 8, 2015.

On February 3, 2015, Petitioners filed a motion for reconsideration of the decision by the Special Master. On March 20, 2015, the Special Master issued an order on reconsideration denying relief (the "Reconsideration Order", Dkt. No. 86). He noted Petitioners' "problematic" use of the procedural rules in requesting reconsideration at this stage, but went on to review the merits. On March 12, 2015, a week before that decision was issued, Petitioners filed a "Notice of Review" with the U.S. Court of Appeals for the Federal Circuit, bypassing the required appeal to the Court of Federal Claims. The Court of Appeals issued an Order on June 10, 2015 (Court of Federal Claims Dkt. No. 106), finding that there was no right to further review in any court, of the January 8, 2015 judgment denying compensation. However, the Court of Appeals transferred the case back to this Court for a determination of whether Petitioners' March 12, 2015 Notice of Review filed in error with the Court of Appeals, gives this Court jurisdiction to review the March 20 Reconsideration Order. The Court of Appeals noted that the Notice of Review "may be considered to be timely (however premature)" even though it was filed a week before the Reconsideration Order, drawing an analogy to Appellate Rules which permit ripening of a premature appeal after a subsequent event. Petitioners and Respondent have now filed their Memoranda outlining their positions, as requested by this Court's June 18, 2015 Order (Dkt. No. 99).

DISCUSSION

The Rules of our Court and the accompanying Vaccine Rules can at times present a difficult challenge to a petitioner pursuing a vaccine claim without the help of legal counsel. For example, the distinction between a judge of this Court and a Special Master may not be readily apparent. Petitioners cite Vaccine Rule 31 to support the timeliness of their motion for reconsideration filed after judgment was entered, when in fact Rule 31 does not apply because it speaks to "the assigned judge's decision," rather than to a Special Master's decision. In his Reconsideration Order the Special Master looked instead to Vaccine Rule 36, "Relief from a Judgment" to find support for reconsidering his original opinion even after judgment was entered. Rule 36 applies the guidelines of our Court Rules

59 and 60 in assessing a motion for relief from a judgment. However, as noted by the Special Master, the relief provided in Vaccine Rule 36 is not intended as a substitute for appeal. Vessels v. HHS, 65 Fed. Cl. 563, 569 (2005), Lemire v. HHS, 60 Fed. Cl. 75, 78 (2004). Nevertheless, this Court will, in the interest of justice, undertake a review of the Reconsideration Order using the guidelines of Vaccine Rule 36(b)(7), which provide that "the assigned judge may set aside the ruling only if it is found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."

In their Memorandum, Petitioners first claim that the Special Master disregarded the principle of equitable tolling in determining that their petition was filed late and thus was barred by the relevant statute of limitations. Pet'rs Mem. 5. As Respondent pointed out in its Memorandum at page 5, the Special Master did discuss equitable tolling in his Reconsideration Order, noting Petitioners' claims of fraudulent information provided by the Department of Health & Human Services. He found those claims to be "unpersuasive." He also noted that, even if the statute of limitations had not barred the petition, he had found in his original decision that "the record clearly showed that JG did *not* experience a Table Encephalopathy after the vaccines…." Reconsideration Order 6. Since a table injury was Petitioners' only theory of recovery, application of equitable tolling principles to cancel the statute of limitations bar would not change the result in this case.

Petitioners also claim that they were not granted a fair evidentiary hearing before the Special Master issued his decision. During the six-year pendency of this case, Petitioners filed 140 exhibits, and the Special Masters conducted a total of eight status conferences with Petitioners and counsel for Respondent. Resp't Mem. 10-11. All of this information was available to the Special Master when he was assigned the case in May 2014. He then gave Petitioners an opportunity to file additional evidence, which they did. Vaccine Rule 8(d) specifically provides that a special master is not required to conduct an evidentiary hearing before a decision is made. Petitioners have not identified any evidence that was not already before the Special Master without a hearing. Thus, there is no reason to set aside the Special Master's decision not to conduct a hearing in this case.

Petitioners point to the Special Master's refusal to permit electronic filing of their documents as a denial of "fundamental fairness." Pet'rs Mem. 5-6. However, use of the electronic filing system is not available to parties acting without legal representation under our Court's Rules (see RCFC, Supplement to Appendix B, Electronic Filing Procedure in Vaccine Act Cases). The Special Master has no authority to grant a variance from these rules. Further, Petitioners offered no evidence to show that filing by mail was inadequate to afford enough time to meet filing deadlines.

The Vaccine Act defines a petitioner's burden of proof when alleging a "table injury", which refers to specific injuries and vaccines occurring in a specified time period, as described in the "Vaccine Injury Table", 42 C.F.R. § 100.3. If the injury and the stated time period can be proven, the petitioner is entitled to a presumption that the injury was

caused by the vaccine. In this case Petitioners claimed a table injury of encephalopathy following measles, mumps and rubella (MMR) vaccination. Their Memorandum disputing the Reconsideration Order argues that the Special Master ignored their medical evidence showing injury within the time frame required by the Vaccine Injury Table.  However, a review of the Reconsideration Order reveals an extensive analysis of the evidence presented for both an "acute encephalopathy" and a "chronic encephalopathy", both of which are required for proof of a Table Encephalopathy.  Reconsideration Order 6-10.  The injury claimed was simply not proven, and this Court can find no reason to rule that the Special Master's Order of Reconsideration should be set aside as "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law", as required by the Vaccine Rules.

Accordingly, the Special Master's Order of Reconsideration of March 20, 2015, denying relief from the judgment in this case entered on January 8, 2015, is AFFIRMED.

IT IS SO ORDERED.

THOMAS C. WHEELER
Judge